Dear Mr. Navarre:
You advise this office that you currently serve as an elected councilman for the City of Oakdale, a Lawrason Act municipality, subject to the provisions of R.S. 33:321, et seq. You further state that your term expires December 31, 2008; a newly elected councilman will begin his service in the new year. You ask if you may accept the office of municipal attorney for the City of Oakdale, beginning work in that position after January 1, 2009.
R.S. 33:386 provides:
 C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381 (A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require.
 D. The term of the clerk, tax collector, nonelected chief of police, street commissioner, municipal attorney, and court magistrate shall end at the time of the first regular meeting of the board of aldermen succeeding each regular municipal election. (Emphasis added).
Pursuant to R.S. 33:386, a city attorney holds appointive office; however, the Dual Officeholding and Dual Employment Law, R.S. 42:61, etseq., is applicable only when the facts involve the holding of two or more public offices and/or employments. You indicate that your appointment as city attorney will take place after January 1, 2009, when you will no longer hold the position of councilman. *Page 2 
Because these facts reflect that you will hold only one position at a time, the provisions of the dual officeholding law become inapplicable, and do not prohibit you from accepting the new appointment as municipal attorney for the City of Oakdale.
Any question you have concerning the application of the Code of Governmental Ethics, R.S. 42:1101, et seq. to this matter must be addressed by advisory ruling of the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone: 225-763-8777.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg